Becker v. State







OURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS









IN THE MATTER OF F.M., A
JUVENILE.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-06-00194-CV

Appeal from the

65th District Court
of El Paso County, Texas 

(TC# 12,732)



 

 

 





MEMORANDUM OPINION ON MOTION

            After a trial on the merits, a jury found that F.M. had engaged in delinquent conduct by
committing the offenses of aggravated kidnaping and aggravated sexual assault. The trial court
entered its order of disposition and sentenced F.M. to a twenty-year determinate sentence at the
Texas Youth Commission, with the possibility of transfer to the Institutional Division of the Texas
Department of Criminal Justice (“TDCJ”). On October 1, 1993, the trial court ordered that F.M. be
transferred to TDCJ for the remainder of his sentence. In 2006, F.M. filed several motions in the
trial court, including a motion to reduce his sentence. After a hearing, the trial court granted F.M.’s
motion to reduce sentence, reducing his sentence from twenty to fourteen years, and the State filed
its notice of appeal.
            On August 25, 2006, F.M. filed a motion to dismiss the State’s appeal, which this Court
denied without written order. On December 8, 2006, F.M. re-urged his original motion to dismiss. 
In addition to the ground set forth in his original motion to dismiss, F.M. argued that the State could
not appeal from the trial court’s order reducing F.M.’s sentence, because nothing in the record
indicated that the grand jury had approved the petition seeking a determinate sentence. See Tex.
Fam. Code Ann. § 56.03(b) (Vernon Supp. 2006).



            The State filed a response which alleged that the grand jury had approved the petition seeking
a determinate sentence, but that the grand jury certification was not included in the clerk’s record
and the State’s file had been destroyed due to age. Several documents were attached to the State’s
response. The first was an affidavit by Marcos Lizarraga (“Lizarraga”), custodian of grand jury
records, indicating that, on November 3, 1992, the grand jury had returned a true bill of indictment
for F.M.; the second was a partially redacted copy of the specific page in the grand jury records,
showing that the grand jury returned a true bill of indictment for F.M.



            In addition, the State submitted a partial transcript, which included excerpts from the original
trial, indicating that the grand jury had approved the petition. Specifically, prior to the start of the
jury trial, the trial court noted on the record that it had received “a piece of paper that is entitled
Grand Jury Approval of Petition for Determinate Sentencing, and it indicates that the Grand Jury has,
in fact, approved that [F.M.] be tried under the Determinate Sentencing Act . . . .” This Court
previously denied the first ground raised in Appellant’s second motion to dismiss without written
order on September 7, 2006, and we again do so here. Further, from the evidence submitted by the
State, it appears the grand jury approved the petition seeking a determinate sentence. Accordingly,
F.M.’s motion to dismiss is denied in its entirety.
 
                                                                        KENNETH R. CARR, Justice
February 28, 2007

Before Chew, C.J., McClure, and Carr, JJ.